UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH SEELEY,<br>EILEEN SEELEY,<br>JAMES FONTANO as trustee of KEA TRUST,<br>and HOLT COUNTY, NEBRASKA,<br><br>Defendants. | ) | Case No. 8:15-cv-316 |

**COMPLAINT**

Plaintiff United States for its complaint against defendants alleges as follows.

1. This is a civil action brought by the United States to: (1) reduce to judgment federal income tax liabilities assessed against Kenneth Seeley (Count I); (2) reduce to judgment federal income tax liabilities assessed against Eileen Seeley (Count II); (3) reduce to judgment certain penalties assessed against Kenneth Seeley (Count III); (4) reduce to judgment certain penalties assessed against Eileen Seeley (Count IV); (5) obtain a determination that KEA Trust is the nominee and fraudulent transferee of Kenneth Seeley and Eileen Seeley regarding real property located at 802 E. Londonderry Drive in O'Neill, Nebraska, and that KEA Trust is the alter-ego of Kenneth Seeley and Eileen Seeley; and (6) enforce federal tax liens against that property, and sell that property (Count V).

**JURISDICTION AND VENUE**

2. This action is commenced pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States with the authorization and at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this case under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402 and 7403.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the primary defendants, Kenneth Seeley and Eileen Seeley, reside in this judicial district, the real property at issue is located in this judicial district, and the unpaid federal tax liabilities accrued in this judicial district.

**PARTIES**

5. Plaintiff is the United States of America.

6. Defendant Kenneth Seeley resides in O'Neill, Nebraska. He has failed to pay his federal income tax liabilities and certain penalties for the 1998 through 2005 tax years.

7. Defendant Eileen Seeley is Kenneth Seeley's wife and resides in O'Neill, Nebraska. She has failed to pay her federal income tax liabilities and certain penalties for the 1998 through 2005 tax years.

8. Defendant James Fontano (in his capacity as trustee of KEA Trust) is named as a defendant to Count V of the Complaint pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the real property at issue in that Count.

9. Defendant Holt County is a county in Nebraska and is named as a defendant to Count V of the Complaint pursuant to 26 U.S.C. § 7403(b) because it may claim an interest in the real property at issue in that Count.

**FACTS**

*Kenneth Seeley Earns Income from Needak Manufacturing*

10. In the 1990s, Kenneth Seeley began working for a company called Needak Manufacturing ("Needak"), which was involved in the manufacturing and sale of trampolines.

11. At first, Needak paid compensation to Kenneth Seeley in the amount of $2,000 per month. Once the business became profitable, Kenneth Seeley was compensated at 50% of the monthly profit.

12. Beginning in 1998, Kenneth Seeley took various steps to conceal the income he earned from Needak. In some instances, Kenneth Seeley caused Needak to pay his income in cash. On other occasions, Kenneth Seeley caused Needak to pay his income directly to his personal creditors and third-parties, including insurance companies, personal credit card companies, and coin dealers.

13. Kenneth Seeley took the steps identified above in order to evade paying tax on the income he earned from Needak, and as described below, failed to timely file federal income tax returns reporting that income.

*Kenneth Seeley Participates in Tax Evasion Scheme*

14. In early 2003, Kenneth Seeley began participating in an abusive tax scheme that involved the use of "income stripping." The purpose of this scheme was to help Kenneth Seeley evade paying tax on the income he earned from Needak. Kenneth Seeley instructed Needak to pay his compensation directly to KEAS, Inc., which is an entity that he formed and controlled. Kenneth Seeley then caused KEAS, Inc. to assign that income to KEA Trust, which is also an entity that he formed and controlled.

15. Beginning in 2003, and subsequent to the creation of KEA Trust, Kenneth Seeley assigned his income to KEA Trust.

16. Kenneth Seeley used KEAS, Inc. to improperly deduct his personal expenses, including medical bills and credit card bills, and to shield his assets from creditors.

*IRS Audit and Criminal Investigation of Kenneth Seeley*

17. Kenneth Seeley and Eileen Seeley failed to timely file federal income tax returns for the 1998 through 2005 tax years.

18. In 2005, the IRS began an examination to determine Kenneth Seeley's and Eileen Seeley's federal income tax liabilities for the 1998 through 2005 tax years.

19. The IRS's examination referred to above subsequently turned into a criminal investigation. On March 17, 2010, Kenneth Seeley was indicted on three counts of income tax evasion pursuant to 26 U.S.C. § 7201. *See United States v. Kenneth Seeley*, Case No. 8:10-cr-00097 (D. Neb.) (indictment filed Mar. 17, 2010).

20. On August 18, 2010, Kenneth Seeley pleaded guilty to a felony count of tax evasion relating to his 2004 tax return.

21. Although he did not plead guilty to the tax evasion counts involving the 2003 and 2005 tax years, Kenneth Seeley agreed that each of those years would be included in determining the appropriate sentence as though pleas of guilty had been entered.

22. Kenneth Seeley was sentenced to five months of imprisonment, five months of home detention, three years of supervised release, and ordered to make restitution to the IRS in the amount of $47,483.

23. The restitution amount referred to above includes tax losses for the 2003, 2004, and 2005 tax years.

24. The special conditions of Kenneth Seeley's supervised released required him, in part, to file federal income tax returns and satisfy his tax debts.

*Kenneth Seeley and Eileen Seeley Late-File Their Federal Income Tax Returns*

25. On or about May 15, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 1998 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated that their taxable income was $81,315 and that they owed $28,480 in tax for 1998.

26. On or about May 15, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 1999 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated that their taxable income was $114,748 that they owed $39,191 in tax for 1999.

27. On or about May 15, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 2000 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated that their taxable income was $159,759 and that they owed $54,988 in tax for 2000.

28. On or about May 15, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 2001 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated that their taxable income was $334,179 and that they owed $122,090 in tax for 2001.

29. On or about May 15, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 2002 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated that their taxable income was $56,776 and that they owed $20,320 in tax for 2002.

30. On or about September 9, 2009, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 2003 tax year. On that tax return,

Kenneth Seeley and Eileen Seeley stated, under penalties of perjury, that their taxable income for 2003 was only $72,371. However, this tax return did not accurately report the true amount of Kenneth Seeley's and Eileen Seeley's taxable income for that year.

31. On or about June 11, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040X (Amended U.S. Individual Income Tax Return) for the 2003 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated that the true amount of their taxable income for 2003 was $154,207 and that they actually owed $48,985 in tax for 2003.

32. On or about September 9, 2009, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 2004 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated, under penalties of perjury, that their taxable income for 2004 was $0. However, this tax return did not accurately report the true amount of Kenneth Seeley's and Eileen Seeley's taxable income for that year.

33. On or about June 11, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040X (Amended U.S. Individual Income Tax Return) for the 2004 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated that the true amount of their taxable income for 2004 was $150,972 and that they actually owed $47,808 in tax for 2004.

34. On or about September 26, 2006, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040 (U.S. Individual Income Tax Return) for the 2005 tax year. On that tax return, Kenneth Seeley and Eileen Seeley stated, under penalties of perjury, that their taxable income for 2004 was $0. However, this tax return did not accurately report the true amount of Kenneth Seeley's and Eileen Seeley's taxable income for that year.

35. On or about June 11, 2012, Kenneth Seeley and Eileen Seeley signed and filed IRS Form 1040X (Amended U.S. Individual Income Tax Return) for the 2005 tax year. On that tax

return, Kenneth Seeley and Eileen Seeley stated that the true amount of their taxable income for 2005 was $121,858 and that they actually owed $38,917 in tax for 2005.

**COUNT I**
**Reduce to Judgment Federal Income Tax Assessments Against Kenneth Seeley 26 U.S.C. § 7402(a)**

36. The United States incorporates by reference the allegations made in paragraphs 1 through 35.

37. A delegate of the Secretary of the Treasury made assessments against Kenneth Seeley for his federal income tax liabilities for the 1998 through 2005 tax years as set forth below.

| Tax Year | Assessment Date(s) | Amount of Tax Assessment(s) | Current Balance (as of August 31, 2015)[1] |
|---|---|---|---|
| 1998 | 07/02/2012 | $28,483 | $77,013.15 |
| 1999 | 07/02/2012 | $39,513 | $100,536.83 |
| 2000 | 07/02/2012 | $54,987 | $129,825.75 |
| 2001 | 07/02/2012 | $122,090 | $268,571.76 |
| 2002 | 07/02/2012 | $20,319 | $42,634.78 |
| 2003 | 03/19/2012<br>07/30/2012 | $25,119<br>$23,866 | $108,105.98 |
| 2004 | 07/30/2012 | $47,807 | $68,038.09 |
| 2005 | 05/14/2007<br>08/20/2012 | $1,752<br>$37,165 | $55,126.78 |
| ***Total*** | | | **$849,853.12** |

38. The assessments referred to above in paragraph 37 were made in accordance with law.

39. Notices of the assessments identified above in paragraph 37 and demands for payment were sent to Kenneth Seeley on or about the dates the assessments were made.

40. Despite notices and demands for payment, Kenneth Seeley has failed to pay the full amount owing as a result of the assessments described above in paragraph 37.

[1] Includes payments as well as statutory interest, penalties, and additions to August 31, 2015. Statutory interest, penalties, and additions continue to accrue from that date to the date of payment.

41. As a result, Kenneth Seeley owes the United States $849,853.12, plus statutory interest, penalties, and additions accruing after August 31, 2015.

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor on Count I of the Complaint as follows:

A. Enter a money judgment in favor of the United States and against Kenneth Seeley in the amount of $849,853.12, plus statutory interest, penalties, and additions accruing after August 31, 2015; and

B. Grant the United States its costs and such other and further relief as the Court deems just and proper.

**COUNT II**
**Reduce to Judgment Federal Income Tax Assessments**
**Against Eileen Seeley**
**26 U.S.C. § 7402(a)**

42. The United States incorporates by reference the allegations made in paragraphs 1 through 35.

43. A delegate of the Secretary of the Treasury made assessments against Eileen Seeley for her federal income tax liabilities for the 1998 through 2005 tax years as set forth below.

[table on next page]

| Tax Year | Assessment Date(s) | Amount of Tax Assessment(s) | Current Balance (as of August 31, 2015)[2] |
|---|---|---|---|
| 1998 | 07/02/2012 | $28,483 | $77,013.15 |
| 1999 | 07/02/2012 | $39,513 | $100,536.83 |
| 2000 | 07/02/2012 | $54,987 | $129,825.75 |
| 2001 | 07/02/2012 | $122,090 | $268,571.76 |
| 2002 | 07/02/2012 | $20,319 | $42,634.78 |
| 2003 | 03/19/2012<br>07/30/2012 | $25,119<br>$23,866 | $108,105.98 |
| 2004 | 07/30/2012 | $47,807 | $68,038.09 |
| 2005 | 05/14/2007<br>08/20/2012 | $1,752<br>$37,165 | $55,126.78 |
| ***Total*** | | | **$849,853.12** |

44. The assessments referred to above in paragraph 43 were made in accordance with law.

45. Notices of the assessments identified above in paragraph 43 and demands for payment were sent to Eileen Seeley on or about the dates the assessments were made.

46. Despite notices and demands for payment, Eileen Seeley has failed to pay the full amount owing as a result of the assessments described above in paragraph 43.

47. As a result, Eileen Seeley owes the United States $849,853.12, plus statutory interest, penalties, and additions accruing after August 31, 2015.

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor on Count II of the Complaint as follows:

A. Enter a money judgment in favor of the United States and against Eileen Seeley in the amount of $849,853.12, plus statutory interest, penalties, and additions accruing after August 31, 2015; and

B. Grant the United States its costs and such other and further relief as the Court deems just and proper.

[2] Includes payments as well as statutory interest, penalties, and additions to August 31, 2015. Statutory interest, penalties, and additions continue to accrue from that date to the date of payment.

**COUNT III**
**Reduce to Judgment Fraudulent Failure to File Penalty Assessments**
**Against Kenneth Seeley**
**26 U.S.C. § 7402(a)**

48. The United States incorporates by reference the allegations made in paragraphs 1 through 35.

49. Kenneth Seeley was aware of his obligation to file federal income tax returns for the 1998 through 2005 tax years.

50. Kenneth Seeley failed to timely file federal income tax returns for the 1998 through 2005 tax years.

51. Kenneth Seeley failed to make income tax payments between 1998 and 2005.

52. Despite earning income between 1998 and 2005, Kenneth Seeley took deliberate actions to hide and disguise the source, amount, and receipt of that income.

53. Between 1998 and 2005, Kenneth Seeley intended to evade taxes that he knew to be due and owing.

54. Between 1998 and 2005, Kenneth Seeley intended to conceal his income from the IRS and mislead the IRS about the amount of his income.

55. Kenneth Seeley maintained inadequate records regarding the income he earned between 1998 and 2005.

56. Kenneth Seeley did not cooperate with the IRS's examination of his federal income tax liabilities for the 1998 through 2005 tax years.

57. A delegate of the Secretary of the Treasury made fraudulent failure to file penalty assessments against Kenneth Seeley for the 1998 through 2005 tax years as set forth below.

| Tax Year | Assessment Date(s) | Amount of Tax Assessment(s) | Current Balance (as of August 31, 2015)[3] |
|---|---|---|---|
| 1998 | 10/22/2012 | $20,650.18 | $22,511.09 |
| 1999 | 10/22/2012 | $28,646.93 | $31,210.45 |
| 2000 | 10/22/2012 | $39,865.57 | $43,433.02 |
| 2001 | 10/22/2012 | $88,080.25 | $95,962.27 |
| 2002 | 10/22/2012 | $14,731.28 | $16,049.52 |
| 2003 | 10/22/2012 | $16,674.88 | $18,167.07 |
| 2004 | 10/22/2012 | $34,606.80 | $37,703.66 |
| 2005 | 10/22/2012 | $28,214.83 | $30,739.69 |
| ***Total*** | | | **$295,776.77** |

58. The assessments referred to above in paragraph 57 were made in accordance with law.

59. Notices of the assessments identified above in paragraph 57 and demands for payment were sent to Kenneth Seeley on or about the dates the assessments were made.

60. Despite notices and demands for payment, Kenneth Seeley has failed to pay the full amount owing as a result of the assessments described above in paragraph 57.

61. As a result, Kenneth Seeley owes the United States $295,776.77, plus statutory interest, penalties, and additions accruing after August 31, 2015.

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor on Count III of the Complaint as follows:

A. Enter a money judgment in favor of the United States and against Kenneth Seeley in the amount of $295,776.77, plus statutory interest, penalties, and additions accruing after August 31, 2015; and

B. Grant the United States its costs and such other and further relief as the Court deems just and proper.

[3] Includes payments as well as statutory interest, penalties, and additions to August 31, 2015. Statutory interest, penalties, and additions continue to accrue from that date to the date of payment.

**COUNT IV**
**Reduce to Judgment Failure to File Penalty Assessments**
**Against Eileen Seeley**
**26 U.S.C. § 7402(a)**

62. The United States incorporates by reference the allegations made in paragraphs 1 through 35.

63. Eileen Seeley was aware of her obligation to file federal income tax returns for the 1998 through 2005 tax years.

64. Eileen Seeley failed to timely file federal income tax returns for the 1998 through 2005 tax years.

65. Eileen Seeley failed to make income tax payments between 1998 and 2005.

66. A delegate of the Secretary of the Treasury made failure to file penalty assessments against Eileen Seeley for the 1998 through 2005 tax years as set forth below.

| Tax Year | Assessment Date(s) | Amount of Tax Assessment(s) | Current Balance (as of August 31, 2015)[4] |
|---|---|---|---|
| 1998 | 12/24/2012 | $6,408.68 | $15,402.09 |
| 1999 | 02/25/2013 | $8,890.43 | $19,712.84 |
| 2000 | 12/24/2012 | $12,372.08 | $25,086.63 |
| 2001 | 02/25/2013 | $27,335.25 | $51,721.29 |
| 2002 | 12/24/2012 | $4,571.78 | $8,170.06 |
| 2003 | 12/24/2012 | $11,021.63 | $18,828.02 |
| 2004 | 12/24/2012 | $10,756.00 | $17,516.68 |
| 2005 | 09/28/2012 | $8,756.00 | $12,858.61 |
| ***Total*** | | | **$169,296.22** |

67. The assessments referred to above in paragraph 66 were made in accordance with law.

68. Notices of the assessments identified above in paragraph 66 and demands for payment were sent to Eileen Seeley on or about the dates the assessments were made.

[4] Includes payments as well as statutory interest, penalties, and additions to August 31, 2015. Statutory interest, penalties, and additions continue to accrue from that date to the date of payment.

69. Despite notices and demands for payment, Eileen Seeley has failed to pay the full amount owing as a result of the assessments described above in paragraph 66.

70. As a result, Eileen Seeley owes the United States $169,296.22, plus statutory interest, penalties, and additions accruing after August 31, 2015.

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor on Count IV of the Complaint as follows:

A. Enter a money judgment in favor of the United States and against Eileen Seeley in the amount of $169,296.22, plus statutory interest, penalties, and additions accruing after August 31, 2015; and

B. Grant the United States its costs and such other and further relief as the Court deems just and proper.

**COUNT V**
**Enforce Federal Tax Liens Against Real Property**
**Against All Defendants**
**26 U.S.C. § 7403**

71. The United States incorporates by reference the allegations made in paragraphs 1 through 70.

*The Property*

72. The real property against which the United States seeks to enforce its federal tax liens ("the Property") is located at 802 E. Londonderry Drive, O'Neill, NE 68763. The Property is legally described as:

> Lot 7, Block 3, Tara Hill Addition to the City of O'Neill, Holt County, Nebraska, and that portion of Lot 8, Block 3, Tara Hill Addition to the City of O'Neill, Holt County, Nebraska, described as beginning at the Southwest Corner of said Lot 8, thence East 24.0 feet; thence North 61.0 feet; thence East 4.0 feet; thence North 88.1 feet to the North line of said Lot 8, thence West 28 feet to the Northwest Corner of said Lot 8, thence South 149.1 feet to the point of beginning.

73. Eileen Seeley acquired the Property by deed dated May 13, 1997. This deed was recorded with the Holt County Clerk on June 27, 2000 (book 189 page 27).

*Transfer of the Property to KEA Trust*

74. In or around February 4, 2003, at a time when Kenneth Seeley and Eileen Seeley were liable for federal income taxes, Kenneth Seeley settled a trust called KEA Trust. As described above in paragraphs 14 to 16, the purpose of this trust was to help Kenneth Seeley evade his federal income taxes.

75. Kenneth Seeley named James Fontano as the sole trustee of KEA Trust. Fontano promoted and sold to Kenneth Seeley the tax evasion scheme identified above.

76. Kenneth Seeley and Eileen Seeley are the sole managers of KEA Trust.

77. Kenneth Seeley supplied the funds to pay for the formation of KEA Trust.

78. Kenneth Seeley maintained the ultimate direction and control over KEA Trust.

79. Kenneth Seeley uses KEA Trust to pay for his personal living expenses, including food and expenses relating to the Property.

80. Kenneth Seeley commingled his assets with KEA Trust.

81. Kenneth Seeley sought a way to “legitimize his plan” to “put his house into the trust.”

82. KEA Trust is the alter-ego of Kenneth Seeley and is the alter-ego of Eileen Seeley.

83. Eileen Seeley and Kenneth Seeley transferred legal title of the Property to “James Fontano, Trustee of the KEA Trust” by deed dated September 9, 2003. This deed was recorded with the Holt County Clerk on September 9, 2003 (book 192 page 817). The deed reports that the transfer was exempt from Nebraska’s documentary stamp tax.

*Kenneth Seeley and Eileen Seeley Exercise Full Dominion and Control over the Property*

84. Despite the purported transfer of legal title of the Property to KEA Trust, Kenneth Seeley and Eileen Seeley retained possession of and continue to exercise full dominion and control over the Property.

85. Since 1998, Kenneth Seeley and Eileen Seeley have resided at the Property.

86. Kenneth Seeley and Eileen Seeley use their personal funds to pay expenses relating to the Property.

87. Kenneth Seeley and Eileen Seeley supply the funds to pay for water service provided to the Property, electric service provided to the Property, and gas service provided to the Property.

88. Kenneth Seeley signs checks to pay for water service provided to the Property, electric service provided to the Property, and gas service provided to the Property.

89. Kenneth Seeley and Eileen Seeley supply the funds to pay maintenance services provided to the Property, including furnace repairs and carpet repairs.

90. Kenneth Seeley signs checks to pay for maintenance services provided to the Property, including furnace repairs and carpet repairs.

91. In September 2004, Kenneth Seeley filed a claim with the insurance company that issued a policy covering the Property.

92. Kenneth Seeley and Eileen Seeley are the equitable and beneficial owners of the Property.

93. KEA Trust holds legal title to the Property as Kenneth Seeley's and Eileen Seeley's nominee.

*Kenneth Seeley's and Eileen Seeley's Transfer of Legal Title of the Property Was Fraudulent as to the United States*

94. The purported transfer of legal title of the Property to KEA Trust was made with the actual intent to hinder, delay, or defraud the United States.

95. Kenneth Seeley and Eileen Seeley did not receive reasonably equivalent value in exchange for the transfer of legal title of the Property to KEA Trust.

96. Kenneth Seeley and Eileen Seeley were insolvent at the time of the transfer of legal title of the Property to KEA Trust.

97. KEA Trust is the fraudulent transferee of Kenneth Seeley and Eileen Seeley regarding the Property.

*The United States' Interest in the Property*

98. Federal tax liens arose on the dates of the assessments described above in paragraphs 37, 43, 57, and 66 under 26 U.S.C. §§ 6321 and 6322, and attached to all property and rights to property (including beneficial and equitable interests in property) then belonging to Kenneth Seeley and Eileen Seeley, and to all of their property and rights to property (including beneficial and equitable interests in property) that came into existence thereafter.

99. On November 13, 2012, the IRS filed a Notice of Federal Tax Lien (NFTL) with the Holt County Clerk against Kenneth Seeley regarding his federal income tax liabilities for the 1998 through 2002 tax years.

100. On December 26, 2013, the IRS filed a NFTL with the Holt County Clerk against Eileen Seeley regarding her federal income tax liabilities for the 1998 through 2002 tax years.

101. On November 13, 2012, the IRS filed a Notice of Federal Tax Lien (NFTL) with the Holt County Clerk against Kenneth Seeley and Eileen Seeley regarding their federal income tax liabilities for the 2003 through 2005 tax years.

102. On December 18, 2013, the IRS filed a NFTL with the Holt County Clerk against Eileen Seeley regarding her failure to file penalties for the 1998 through 2005 tax years.

103. On December 19, 2012, the IRS filed a NFTL with the Holt County Clerk against Kenneth Seeley regarding his fraudulent failure to file penalties for the 1998 through 2005 tax years.

104. On June 17, 2014, the IRS filed three NFTLs with the Holt County Clerk identifying James Fontano (trustee of KEA Trust) as the nominee of Kenneth Seeley and Eileen Seeley.

105. The United States is entitled to enforce its federal tax liens against the Property to satisfy or partially satisfy Kenneth Seeley's and Eileen Seeley's federal tax liabilities.

*Other Interests in the Property*

106. Holt County, Nebraska, does not currently have a lien interest against the Property as a result of unpaid property taxes. However, Holt County may obtain a lien interest against the Property if those taxes are unpaid in the future.

WHEREFORE, the United States respectfully requests that the Court enter judgment in its favor on Count V of the Complaint as follows:

A. Declare that the United States has valid and subsisting federal tax liens upon all property and rights to property of Kenneth Seeley and Eileen Seeley, including the Property at issue in this case;

B. Declare that federal tax liens attached to the entire Property;

C. Declare and adjudge that KEA Trust is the alter-ego of Kenneth Seeley and Eileen Seeley;

D. Declare and adjudge that KEA Trust holds legal title to the Property as the nominee of Kenneth Seeley and Eileen Seeley;

E. Declare and adjudge that the purported transfer of legal title of the Property from Kenneth Seeley and Eileen Seeley to KEA Trust was a fraudulent transfer and be set aside;

F. Enter judgment enforcing federal tax liens against the Property and order that the Property be sold;

G. Order that any defendant claiming an interest in the Property or in the proceeds from the sale of the Property to affirmatively demonstrate that interest;

H. Determine the rights of the parties to the proceeds of sale and the relative priorities of the parties' claims to such proceeds; and order the proceeds of the sale to be disbursed accordingly; and

I. Grant the United States its costs and such other and further relief as the Court deems just and proper.

Dated: August 26, 2015

Respectfully submitted,

DEBORAH R. GILG
United States Attorney

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

s/Harris Phillips
HARRIS J. PHILLIPS
Massachusetts Bar #: 675603
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1906
Fax: (202) 514-6770
Harris.J.Phillips@usdoj.gov

*Attorney for the United States*